IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMCO INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-43-GPM |
| | ) |
| MICHAEL JOINER, AMANDA JOINER, | ) |
| HAL MABRY, D & E ROOFING & | ) |
| CONSTRUCTION, DEAN BROWN, and | ) |
| EDDY GAGNON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case is before the Court sua sponte on the question of subject matter jurisdiction. *See Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586, 588 (S.D. Ill. 2007) (quoting *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)) ("Jurisdiction is the . . . power to declare law, . . . and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must."). In this action Plaintiff AMCO Insurance Company ("AMCO") seeks a judicial declaration pursuant to 28 U.S.C. § 2201 of its duties under an insurance policy. Federal subject matter jurisdiction is alleged on the basis of diversity of citizenship.

In general, of course, the exercise of federal subject matter jurisdiction in diversity requires that the parties to a case be of completely diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Driscoll v. Brown & Crouppen, P.C.*, Civil No. 09-859-GPM, 2009 WL 3770190, at *1 (S.D. Ill. Nov. 10, 2009). Here AMCO, as the party seeking to invoke federal subject matter jurisdiction, has the burden of proof as to the existence of such jurisdiction. *See Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009); *Peoples Nat'l Bank, N.A. v. American Coal Co.*, Civil No. 09-761-GPM, 2009 WL 3065198, at *1 (S.D. Ill. Sept. 23, 2009).

For purposes of federal diversity jurisdiction, a natural person is a citizen of the state where he or she is domiciled, meaning the state where the person is physically present with the intent to remain there indefinitely. *See Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006). The citizenship of a corporation for diversity purposes is determined, of course, by the state where the corporation is incorporated and the state where the corporation maintains its principal place of business, meaning, in the Seventh Circuit, the state where the corporation's headquarters or directing intelligence is located. *See* 28 U.S.C. § 1332(c)(1); *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991); *Wojan v. General Motors Corp.*, 851 F.2d 969, 974 (7th Cir. 1988); *Casio, Inc. v. S.M. & R. Co.*, 755 F.2d 528, 529-30 (7th Cir. 1985); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006).

In this case AMCO alleges that it is "an Iowa corporation, domiciled in Iowa." Doc. 2 at 1 ¶ 1. Presumably what AMCO means is that it is a corporation incorporated under Iowa law with its principal place of business in Iowa, but as the complaint currently is pleaded AMCO's citizenship for diversity purposes is unclear. *See Murphy v. Schering Corp.*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995) ("[S]ubject matter jurisdiction must be a matter of certainty and not of probabilities (however high)[.]"). As to the other corporate party to this case, D & E Roofing & Construction ("D & E"), AMCO alleges only that D & E is "a Kentucky corporation." *Id*. at 2 ¶ 4. Obviously, AMCO needs to amend its complaint to allege specifically both the state under the law of which D & E is incorporated and the state where D & E maintains its principal place of business or nerve center. Concerning the parties to this case that are natural persons, AMCO alleges that Defendants Michael Joiner and Amanda Joiner are "reside[nts]" of Illinois and that Defendant Hal Mabry is a "resident" of Kentucky. *Id*. at 1 ¶ 2, ¶ 3. With regard to Defendants Dean Brown and Eddy Gagnon, AMCO's complaint is completely silent as to their state citizenship for diversity purposes. *See id*. at 2 ¶ 4. Finally, AMCO's complaint alleges that the amount in controversy in this case exceeds $75,000, but does not allege that this sum is exclusive of interest and costs. *See id*. at 2 ¶ 5.

Because the defects in AMCO's pleading of jurisdictional facts do not appear to be incurable, the Court will grant leave to AMCO to file an amended complaint that properly pleads this Court's subject matter jurisdiction in diversity. *See Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992) (quoting *Watkins v. Lujan*, 922 F.2d 261, 264 (5th Cir. 1991)) ("[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given."). Accordingly, pursuant to 28

U.S.C. § 1653, AMCO is **ORDERED** to file an amended complaint that correctly alleges the Court's subject matter jurisdiction in diversity not later than **ten (10) days** from the date of entry of this Order.  With respect to the corporate parties to this case, AMCO's amended complaint shall identify both the state where each such party is incorporated and the state where each such party maintains its principal place of business or nerve center.  With respect to the natural persons who are parties to this case, AMCO's amended complaint shall identify the state of which each such person is a citizen, not a resident, meaning the state where each such person is domiciled.  Finally, AMCO's amended complaint shall allege that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.  Failure by AMCO to file an amended complaint as herein ordered will result in the dismissal of this case pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of federal subject matter jurisdiction.  *See Busch v. Lee Enters., Inc.*, Civil No. 09-780-GPM, 2009 WL 4544393, at *1 (S.D. Ill. Dec. 1, 2009); *Ball v. Morgan Stanley & Co.*, Civil No. 09-406-GPM, 2009 WL 1708791, at **1-2 (S.D. Ill. June 17, 2009); *Ball v. Southwest Fiduciary, Inc.*, Civil No. 09-194-GPM, 2009 WL 1708764, at *2 (S.D. Ill. June 17, 2009).[1]

    **IT IS SO ORDERED.**

    DATED: January 25, 2010

    /s/ G. Patrick Murphy
    G. PATRICK MURPHY
    United States District Judge

---

1.  As a last matter, the Court notes that the jurisdictional facts contained in AMCO's amended complaint must be alleged not on the basis of "information and belief" but on personal knowledge. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006).